**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR DSLA MORTGAGE LOAN TRUST 2004-AR4,

Plaintiff,

vs.

DAVID LOUDON,

Defendant.

CASE NO. 13cv930-MMA (BGS)

**ORDER *SUA SPONTE* REMANDING ACTION TO STATE COURT**

On April 18, 2013, Defendant David Loudon, proceeding *pro se*, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for San Diego County. Having reviewed Defendant's notice of removal, the Court finds it does not have subject matter jurisdiction over this action. Accordingly, the Court *sua sponte* **REMANDS** the action to state court.

**DISCUSSION**

The federal court is one of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Removal jurisdiction is governed

by 28 U.S.C. § 1441 *et seq*. A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-1 (1983). Alternatively, a federal court may have diversity jurisdiction over an action involving citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A review of the state court complaint in this case shows that Plaintiff alleges a single unlawful detainer claim under California state law.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Defendant argues that this action involves matters beyond a single state law claim for unlawful detainer. Defendant states that this Court has jurisdiction pursuant to the Securities and Exchange Act, 15 U.S.C. §§ 77t(d)(1), 77v(a), 78u(d)(3)(A), 78u(e), and 78aa, and the federal RICO statute, 18 U.S.C. §§ 1962, *et seq*. *See Notice of Removal*, Doc. No. 1. Defendant further contends that he can "prove" that this action is a "criminal matter brought under the disguise of a non-judicial foreclosure" and that Plaintiff "committed fraud by bring[ing] a

Security Bond issue to the Superior Court of San Diego under the scheme of a Non Judicial Foreclosure. . . ." *Id*.

Liberally construing the notice of removal, Defendant's purported federal "claims" are actually defenses and potential counterclaims against Plaintiff. However, neither defenses nor counterclaims are considered in evaluating whether a federal question appears on the face of a Plaintiff's complaint. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); *Valles v. Ivy Hill Corp*., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."). As such, Defendant's allegations do not establish federal question jurisdiction under 28 U.S.C. § 1331.[1]

Defendant also fails to establish that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Although Defendant contends that "this matter is a Securities issue of the State of New York," there is complete diversity among the parties, and the amount in controversy exceeds $75,000, the notice of removal does not demonstrate that the amount in controversy actually exceeds $75,000, and the face of the state court complaint clearly demonstrates that Plaintiff seeks damages not exceeding $10,000. Moreover, Defendant, a citizen of California, may not properly remove this action. Under 28 U.S.C. § 1441(b), removal is permitted in diversity cases only when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

///

---

[1] Defendant also references 28 U.S.C. § 1443(1), and appears to be contending that it provides an additional basis for removal here. Section 1443(1) provides that a state court civil action "(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof" may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending. 28 U.S.C. § 1443(1). Section 1443 is simply not applicable to this action.

In sum, Defendant has not adequately established a basis for this Court's subject matter jurisdiction. The Court must remand the case. *See* 28 U.S.C. § 1447(c).

## CONCLUSION

Based on the foregoing, the Court *sua sponte* **REMANDS** this action to the Superior Court of the State of California for San Diego County.

**IT IS SO ORDERED**.

DATED: April 19, 2013

Hon. Michael M. Anello
United States District Judge